IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JULIE MAYABB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-487-L |
| | ) | |
| ST. ANTHONY HOSPITAL, OKLAHOMA CITY, OKLAHOMA d/b/a/ St. Anthony's corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

By Order and Judgment entered June 5, 2006, this court granted summary judgment in favor of defendant and against plaintiff Julie Mayabb in this action brought by plaintiff against her former employer, St. Anthony Hospital. Plaintiff alleged sexual harassment, gender discrimination, unequal pay, and retaliation. Plaintiff Julie Mayabb, who is appearing *pro se* in this action, failed to respond to defendant's Motion for Summary Judgment. The court properly adopted defendant's statement of undisputed material facts, since they were unchallenged by plaintiff. Additionally, the court's order specifically stated: "The court has not merely deemed St. Anthony's dispositive motion confessed due to plaintiff's failure to properly respond to the fully supported motion, however. The court has considered the undisputed facts and has thoroughly reviewed the arguments and exhibits submitted by St. Anthony in support of its motion. Upon this review, and

upon consideration of the legal authorities presented, the court determines that St. Anthony's is entitled to summary judgment as a matter of law."

On June 23, 2006, plaintiff filed a "Motion for Reconsideration" in which she belatedly objects to the court's entry of summary judgment in favor of defendant. Plaintiff also filed a "Proposed Order" which, in light of plaintiff's *pro se* status, the court has liberally construed as a brief in support of her motion for reconsideration. From reviewing these documents, it appears that plaintiff is attempting to blame her failure to timely respond to the Motion for Summary Judgment on defendant's counsel. Plaintiff states that if she had been "correctly advised by the Defendant's attorney when the Plaintiff asked what the Summary Judgment was for, the Plaintiff would have objected to several facts in the Defendant's Motion for Summary Judgment." Plaintiff also claims that her hospitalization made it impossible for her to complete and file her response. Plaintiff's "Proposed Order" consists of a number of "facts" which are not supported by exhibits, affidavits, deposition testimony, or any other proper summary judgment evidence.

Defendant filed its Response to Plaintiff's Motion for Reconsideration, which the court has carefully considered. In the response, defendant's counsel states that the only time she discussed anything related to the summary judgment motion with plaintiff was when the plaintiff was telephoned to ask whether she objected or consented to defendant's request to file a brief in excess of 25 pages.

Defendant's counsel states that plaintiff did not ask counsel to explain the meaning of summary judgment and that counsel "never once made any sort of representation one way or the other to Plaintiff of the meaning of the underlying summary judgment."  Defendant's response is supported by a sworn affidavit of defendant's counsel.  In addition, with citations to the record, defendant asserts that plaintiff was not hospitalized during the pertinent time period that her summary judgment response would have been due and that her hospitalization and alleged health condition did not interfere with her ability to respond to the summary judgment motion.

The Federal Rules of Civil Procedure do not recognize a motion to reconsider.  Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995).  Motions for reconsideration have a very limited function in that they give the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence or a change in the law.  A party may not use a motion for reconsideration as a second opportunity to present its strongest case.  Van Skiver v. U.S., 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

Upon thorough review, the court finds that plaintiff's present motion provides the court with no reason to reconsider or alter its previous decision granting summary judgment to defendant in this matter.  Plaintiff's excuses for not filing a timely response have been completely refuted by defendant's response.

Further, even if the court were to consider plaintiff's untimely arguments regarding the facts, the court would find them insufficient to justify a different result in this matter. As noted, plaintiff's statements are not supported by any citation to the evidence. It is well established that the non-moving party must point to specific facts, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves," to avoid summary judgment. Celotex, 477 U.S. at 324. Such evidence includes reference to affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). A *pro se* plaintiff is required to comply not only with the Local Rules of this court but also with the Federal Rules of Civil Procedure. DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993).

Because plaintiff's request for a reconsideration is not supported by the facts or the law, the court finds that her Motion for Reconsideration **[Doc. No. 62]** should be and is hereby **DENIED** in its entirety.

It is so ordered this 24th day of July, 2006.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge